J-S84008-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| WILLIAM JONES | : | |
| | : | |
| Appellant | : | No. 1232 MDA 2017 |

Appeal from the Judgment of Sentence June 29, 2017
In the Court of Common Pleas of Berks County Criminal Division at No(s):
CP-06-CR-0005551-2016

BEFORE:  SHOGAN, J., LAZARUS, J., and OTT, J.

MEMORANDUM BY SHOGAN, J.:                    **FILED JANUARY 24, 2018**

William Jones ("Appellant") appeals from the judgment of sentence entered June 29, 2017, following his conviction of violations of the Pharmacy Act, 63 P.S. §§ 390-1–390-13, forgery,[1] and criminal attempt[2] related to offenses under the Controlled Substance, Drug, Device and Cosmetic Act, 35 P.S. §§ 780-101–780-144.  Appellant's counsel has filed an application to withdraw his representation and a brief pursuant to **Anders v. California**, 386 U.S. 738 (1967), and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009), which govern a withdrawal from representation on direct appeal. Appellant has not filed a response to counsel's petition.  After careful review,

_____

[1]  18 Pa.C.S. § 4101(a)(3).

[2]  18 Pa.C.S. § 901(a).

we grant counsel's petition to withdraw and affirm the judgment of sentence.

The convictions stem from Appellant's participation in a scheme to forge a physician's signature on a Child and Family Support Services prescription pad and receive oxycodone pills for his personal use. Appellant submitted a forged prescription for oxycodone to a pharmacist at the Cumru Township Giant Store on October 6, 2016. Because the pharmacist was unable to verify the authenticity of the prescription, he did not fill it. A Cumru Township police detective conducted an investigation of the incident, which led to Appellant's arrest. Following a waiver trial on June 29, 2017, Appellant was convicted of the aforementioned offenses.

At sentencing, Appellant requested a mitigated range sentence. The trial court sentenced Appellant on Count One (criminal attempt to commit acquisition of a controlled substance by forgery) to incarceration for six to twelve years, and on Count Four (forgery) to incarceration for one to five years, concurrent to Count One. For sentencing purposes, Count Two (unlawful acts under the Pharmacy Act) and Count Six (unlawful acts under the Pharmacy Act) merged with Count One. Appellant received credit of 142 days for time served. The sentences were at the bottom of the mitigated range of the sentencing guidelines.

Appellant filed a timely post-sentence motion for modification of his sentence, which the trial court denied on July 11, 2017. This appeal

followed. In lieu of a concise statement of errors pursuant to Pa.R.A.P. 1925(b), counsel filed a statement of intent to file an **Anders**/**McClendon** brief on August 30, 2017. The PCRA court filed an opinion pursuant to Pa.R.A.P. 1925(a) on September 1, 2017.

Before we address the merits of this appeal, we first must resolve appellate counsel's request to withdraw. **Commonwealth v. Cartrette**, 83 A.3d 1030, 1032 (Pa. Super. 2013) (*en banc*). There are procedural and briefing requirements imposed upon an attorney who seeks to withdraw on direct appeal. The procedural mandates are that counsel must:

> 1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; 2) furnish a copy of the brief to the defendant; and 3) advise the defendant that he or she has the right to retain private counsel or raise additional arguments that the defendant deems worthy of the court's attention.

**Id.** at 1032 (citation omitted).

In this case, counsel has satisfied those directives. Within his petition to withdraw, counsel averred that he conducted a thorough review of Appellant's case and determined that the appeal would be frivolous. Counsel sent Appellant a copy of the **Anders** brief and petition to withdraw, as well as a letter, a copy of which is attached to the petition. In the letter, counsel advised Appellant that he could either represent himself on appeal or retain private counsel to represent him.

We now examine whether the brief satisfies the Supreme Court's dictates in **Santiago**, which provide that:

in the **Anders** brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Santiago**, 978 A.2d at 361.

Counsel's brief is compliant with **Santiago**. It sets forth the factual and procedural history of this case, outlines pertinent case authority, cites to the record, and refers to an issue of arguable merit. **Anders** Brief at 3–20. Further, the brief sets forth counsel's conclusion that the appeal is frivolous and the reasons for counsel's determination. **Id.** at 27–28. "Therefore, we now have the responsibility to make a full examination of the proceedings and make an independent judgment to decide whether the appeal is in fact wholly frivolous." **Commonwealth v. Tukhi**, 149 A.3d 881, 886 (Pa. Super. 2016) (citation and internal quotation marks omitted).

In the **Anders** brief, counsel presents a single issue for our consideration: "Whether Appellant's mitigated range sentence of 6 years to 12 years in a state correctional institution was manifestly excessive, clearly unreasonable, and contrary to the fundamental norms underlying the Sentencing Code where the court failed to fully consider [Appellant's] age,

- 4 -

health problems, and status as an honorably discharged veteran?" ***Anders*** Brief at 9. This issue challenges the discretionary aspects of Appellant's sentence. We note that "[t]he right to appellate review of the discretionary aspects of a sentence is not absolute." ***Commonwealth v. Zirkle***, 107 A.3d 127, 132 (Pa. Super. 2014). Rather, where an appellant challenges the discretionary aspects of a sentence, the appeal should be considered a petition for allowance of appeal. ***Commonwealth v. W.H.M.***, 932 A.2d 155, 163 (Pa. Super. 2007).

As we observed in ***Commonwealth v. Moury***, 992 A.2d 162 (Pa. Super. 2010):

> An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:
>
> > We conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, see Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, see Pa.R.Crim.P. [708]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

***Id.*** at 170 (citing ***Commonwealth v. Evans***, 901 A.2d 528, 533 (Pa. Super. 2006)). The determination of whether there is a substantial question is made on a case-by-case basis, and this Court will grant the appeal only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the

Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process. *Commonwealth v. Sierra*, 752 A.2d 910, 912–913 (Pa. Super. 2000).

Herein, Appellant has satisfied the first, second, and third requirements of the four-part test: He brought a timely appeal, challenged his sentence in a post-sentence motion, and included in his *Anders* brief the necessary separate concise statement of the reasons relied upon for allowance of appeal pursuant to Pa.R.A.P. 2119(f). Notice of Appeal, 8/8/17; Post Sentence Motion, 7/11/17, at ¶¶ 11–12; *Anders* Brief at 22.

We therefore turn to the final requirement: whether the question raised by Appellant is a substantial question meriting our discretionary review. With regard to this requirement, "[w]e examine an appellant's Rule 2119(f) statement to determine whether a substantial question exists." *Commonwealth v. Ahmad*, 961 A.2d 884, 886–887 (Pa. Super. 2008).

Appellant's Rule 2119(f) statement cites the general standards of the Sentencing Code set forth at 42 Pa.C.S. § 9721 as support for his claim that the sentencing court "did not properly consider aspects of the circumstances of the crime or the character of Appellant." *Anders* Brief at 22. "A claim that a sentencing court sentenced a defendant without taking into account his or her character and background . . . raises a substantial question that the sentence is inappropriate under the Sentencing Code." *Commonwealth*

*v. Luketic*, 162 A.3d 1149, 1162 (Pa. Super. 2017). Because Appellant's argument raises a substantial question, we will review it on the merits.

Our standard of review follows:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In order to establish that the sentencing court abused its discretion, the defendant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision. The rationale behind such broad discretion and the concomitantly deferential standard of appellate review is that the sentencing court is in the best position to determine the proper penalty for a particular offense based upon an evaluation of the individual circumstances before it. To determine whether the trial court made the proper considerations during sentencing, an appellate court must, of necessity, review all of the judge's comments.

*Luketic*, 162 A.3d at 1163.

Our careful review of the record reveals that the trial court did not abuse its discretion in sentencing Appellant. The trial court acknowledged on the record that it had a presentence investigation report ("PSI") on Appellant. N.T., 6/29/17, at 34. The prosecutor placed on the record the applicable provisions of the sentencing guidelines, Appellant's prior record score, and the Commonwealth's sentencing recommendations, as well as the fact that Appellant still had possession of the forged prescription weeks after he attempted to fill it. *Id.* at 35–36. Additionally, the trial court heard from defense counsel that Appellant's repeat-felon prior record score was based on offenses from 1968, 1974, and as recently as 2014; Appellant had health

issues—a stomach aneurysm, three stents in his heart; Appellant was seventy years old; and Appellant served in Vietnam and was honorably discharged from the military. *Id.* at 36–37. The trial court also heard from Appellant:

> I've been sorry ever since this happened. Your Honor, I fought in the war a long time ago. You Honor, I fought for my country. I got old. I made a mistake, and I'm sorry. I'm kind of scared, too. I made a mistake, Your Honor. So I'm in your hands.

*Id.* at 37.

Before imposing sentence, the trial court explained its reasoning, as follows:

> All right. I have reviewed the PSI, it paints a bleak picture, starting in the 1960s. It encompasses very many different types of offenses, a substantial percentage of which are related to fraud and theft. I've taken other information in the PSI into account, including [Appellant's] health, [Appellant's] military service. I've also taken into account the fact that [Appellant] did not choose to defend this case by denial. I understand counsel's use of the -- attempted use of the defense of duress. The fact that [Appellant] did not choose to testify and tell some ridiculous tale that would have been belied by the evidence is to his credit, and I'm going to recognize that.

> \* \* \*

> I've also taken into account [Appellant's] age. That being said, people who get up in years should be particularly careful not to run afoul of our laws, especially laws as serious as this one.

> You are . . . a product of your record here. This would be an entirely different day if you did not have such an extensive record that extended over so many years. But I must also take into account the fact that I may not impose a sentence which would diminish the seriousness of this offense and also the brazenness of it; it's pretty audacious. I don't purport to pass

myself off as a medical doctor, but a prescription for 120 doses of oxycodone, I don't believe is in common use any longer, if it ever was.

N.T., 6/29/17, at 37–38.

Appellant has failed to establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision. Indeed, equipped with a PSI, the trial court considered all of the factors Appellant identifies on appeal as relevant to consideration of his personal circumstances and characteristics. *See Commonwealth v. Clarke*, 70 A.3d 1281, 1287 (Pa. Super. 2013) ("Where the sentencing judge had the benefit of a presentence investigation report, it will be presumed that he or she was aware of the relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors."). Thus, Appellant's sentencing challenge lacks merit.

Finally, we have independently reviewed the record in order to determine if appellate counsel's assessment about the frivolous nature of the present appeal is correct. *Tukhi*, 149 A.3d at 886; *see also Commonwealth v. Flowers*, 113 A.3d 1246, 1250 (Pa. Super. 2015) (holding that, after determining counsel has satisfied the technical requirements of *Anders* and *Santiago*, this Court must conduct an independent review of the record to determine if there are additional, non-

frivolous issues overlooked by counsel). After review of the issue raised by counsel and our independent review of the record, we conclude that an appeal in this matter is frivolous. Accordingly, we grant appellate counsel permission to withdraw and affirm the judgment of sentence.

Application to withdraw as counsel granted. Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/24/2018